IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JI KYUNG SONG d/b/a | : | |
| FAMILY FOOD MART, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. _____ |
| | | |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW JI KYUNG SONG D/B/A FAMILY FOOD MART, Plaintiff in the above-captioned matter, and, by and through the undersigned counsel of record, files this Complaint against the United States of America, and shows as further set forth below.

1.

This action is brought pursuant to 7 U.S.C. § 2023 for a *de novo* judicial review of a final decision of the United States Department of Agriculture ("the Department") permanently disqualifying Plaintiff from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"), also commonly known as the Food Stamp Program.

2.

The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 7 U.S.C. §2023.

3.

Venue is proper in this District pursuant to 28 U.S.C. §1391(e) and 7 U.S.C. §2023.

4.

Plaintiff is a neighborhood convenience/grocery store located at 402 South Camelia Boulevard, Fort Valley, Georgia 31030.

5.

The Secretary of Agriculture issues regulations for SNAP, and the Department's Food and Nutrition Service ("FNS") administers the program in accordance with the Food Stamp Act, 7 U.S.C. §§2011-2036, and applicable regulations, 7 C.F.R. §§270-282.

6.

Plaintiff has been a participant in the program as an authorized retailer in SNAP since 2012.

7.

SNAP provides benefits through an Electronic Benefit Transfer ("EBT") system. Recipients of SNAP benefits pay for eligible food purchases at authorized retailers using an EBT card, which operates like a debit card. When a purchase is made, the EBT card is swiped through a point-of-sale device and the customer

enters a personal identification number. The point-of-sale device transmits the sale information to a government computer which processes and stores the information.

8.

On May 28, 2015, FNS issued a letter to Plaintiff stating that an analysis of EBT transactions at the store established "patterns of unusual, irregular, and inexplicable activity." Based on that information, FNS charged Plaintiff with "trafficking," which is defined by regulation to mean the "buying or selling of coupons, ATP cards or other benefit instruments for cash or consideration other than eligible food …."

9.

Plaintiff responded to the charges in a timely manner and provided information and evidence in writing to FNS contradicting the charges. Nevertheless, on July 1, 2015, FNS assessed a permanent disqualification from SNAP against Plaintiff.

10.

Plaintiff made a timely request for review; however, in a Final Agency Decision dated October 6, 2015, the Department upheld the permanent disqualification of Plaintiff as an authorized retailer in SNAP.

11.

Pursuant to 7 U.S.C. §2023, the decision of the Department is subject to *de novo* judicial review.

12.

This action is timely filed in accordance with 7 U.S.C. §2023(a)(13) and 7 C.F.R. §279.7(a).

13.

The Department's disqualification action was based on its findings that the computerized EBT data, a store visit, and an analysis of customer shopping behaviors "provide substantial evidence that questionable transactions during the focus period have characteristics and display patterns that are not consistent with legitimate sales of eligible food to SNAP benefit customers at a store of this type, size and makeup."

14.

The Department presented no direct evidence or other evidence of "trafficking" to support its disqualification action.

15.

The decision of the Department was and is erroneous as the Department improperly relied merely on the raw EBT data, engaged in unsupported speculation, and either disregarded or gave insufficient consideration to the facts

presented by FFM concerning the nature of its business, its purchases and sales, its customers, and its customer's typical transactions.

16.

Contrary to the Department's contentions, the evidence does not demonstrate trafficking; instead, a thorough review of all evidence shows that Plaintiff's transactions were legitimate and that Plaintiff did not engage in trafficking.

**Wherefore,** Plaintiff requests that judgment be entered in its favor:

A) Finding that FFM did not engage in trafficking in violation of the Food Stamp Act and applicable regulations;

B) Reversing and vacating the Final Agency Decision permanently disqualifying FFM;

C) Directing that FFM be reinstated as an authorized retailer in the Supplemental Nutrition Assistance Program; and,

D) Awarding such other and further relief as the Court deems appropriate.

(Signature on following page.)

Respectfully submitted, this 5th day of November, 2015.

*/s/ R. Lars Anderson*
R. Lars Anderson
Attorney for Plaintiff
Georgia Bar No. 018218

2476 Vineville Avenue
Macon, Georgia 31204
478.742.0294
lars@rlarsanderson.com